**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BILLY LEROY DOOLEY JR.,

Plaintiff,

v.

SEE, *et al.*,

Defendants.

Case No. 1:26-cv-03745 JLT BAM (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Doc. 12)

Billey Leroy Dooley Jr. asserts he suffered violations of his civil rights while incarcerated at Corcoran State Prison and seeks to hold the defendants liable pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state a cognizable claim. (Doc. 9 at 2-7.) The magistrate judge granted Plaintiff 30 days to file any amended complaint. (*Id.* at 8.) Plaintiff did not respond to the Screening Order or otherwise communicate with the Court.

The magistrate judge issued Findings and Recommendations, incorporating the findings of the Screening Order and recommending dismissal for failure to state a claim. (Doc. 12 at 2-7, 9.) The magistrate judge also found Plaintiff failed to comply with the Court's order and failed to prosecute the case, and a terminating sanction was appropriate for these failures. (*Id.* at 7-9.) Therefore, the magistrate judge recommended the Court dismiss this action with prejudice "for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for

Plaintiff's failure to prosecute this action." (*Id.* at 9.)

On August 17, 2026, the Court served the Findings and Recommendations on Plaintiff and informed him that any objections were due in 14 days. (Doc. 12 at 10.) The Court also warned Plaintiff that failure to file timely objections may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. (*Id* at 9-10, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff submitted a letter to the Court dated September 3, 2026, with additional objections filed on September 17, 2026. (Docs. 13, 14.) He also requests that the Court appoint counsel for him in this action. (Doc. 14 at 2.)

Although the objections are untimely, the Court has reviewed the arguments presented. Plaintiff does not dispute—or even acknowledge—the findings that he failed to comply with the Court's order and did not prosecute his claims. (*See generally* Docs. 13, 14.) Plaintiff maintains that he should be permitted to proceed with this claim for deliberate indifference to his serious medical need. (Doc. 14 at 1.) However, Plaintiff does not identify any specific allegations in his amended complaint that would support a cognizable claim for a violation of the Eighth Amendment against any of the named defendants. As the magistrate judge observed, Plaintiff instead makes only "conclusory allegations," without stating "what happened, when it happened, and who was involved." (Doc. 12 at 7.) The conclusory statements in the objections do not cure this deficiency, or show that leave to amend should be granted following Plaintiff's repeated failures to comply with deadlines ordered by the Court in this action.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 17, 2026 (Doc. 12) are **ADOPTED** in full.
2. This action is **DISMISSED** with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute.

///

///

3. Plaintiff's request for appointment of counsel is denied as **MOOT**.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 13, 2026_

Jennifer L. Thurston

UNITED STATES DISTRICT JUDGE